UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DARNELL ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 20-118-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| A. FUSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the defendants' motion to dismiss or for summary judgment with respect to the plaintiff's claims that the defendants exerted cruel and unusual punishment against him in violation of the Eighth Amendment to the United States Constitution. The defendants' motion will be granted because there is no implied cause of action for damages for such an alleged violation by federal actors.

**I.**

Darnell Anderson was confined as an inmate at USP McCreary in Pine Knot, Kentucky. He alleges that, on August 11, 2019, officers in the special housing unit fabricated an incident report alleging that he had assaulted an officer. Anderson asserts that the defendants held him in four-point restraints for several hours based on the fabricated report. He further contends that the restraints were too tight, causing him to suffer shortness of breath and an anxiety attack. Anderson also alleges that prison staff mishandled him when removing the restraints, causing him severe pain. During his time in the restraints, Anderson states that he was unable to retrieve his evening meal and could not go to the toilet, forcing him to urinate on himself.

- 1 -

Anderson filed the instant *pro se* lawsuit against Officer Fuson, Officer Gabbard, Lieutenant Chaney, Officer Whitaker, and Lieutenant Posey after unsuccessfully pursuing administrative remedies.   He contends that each acted "maliciously and sadistically" and violated his rights under the Eighth Amendment.[1]   The Court previously granted a motion to dismiss Anderson's claims against Defendants Whitaker and Posey because the plaintiff failed to fully exhaust his administrative remedies with respect to these defendants.   [Record No. 52] The matter was then referred to United States Magistrate Judge Matthew A. Stinnett for further proceedings, including the oversight of discovery proceedings and the preparation of proposed findings of fact and recommendations with respect to any dispositive motions.

The defendants have now filed a motion to dismiss or, in the alternative, for summary judgment, with respect to Anderson's remaining claims.   [Record No. 158]   On January 26, 2023, Magistrate Judge Stinnett issued a Report and Recommendation ("R&R") recommending that the undersigned grant the defendants' motion and dismiss the case in its entirety, with prejudice.   [Record No. 192]   The parties were given 14 days in which to file objections to the R&R.   The objection period has now expired and neither party has filed objections

---

[1]   The magistrate judge cites Anderson's failure to exhaust administrative remedies as an alternative basis for dismissal.   *See Jones v. Bock*, 549 U.S. 199, 211 (2007) (observing that exhaustion under the Prison Litigation Reform Act is mandatory).   Anderson's deposition testimony indicates that he did not pursue administrative remedies within the timeframe provided under the Bureau of Prisons' Administrative Remedy Program.   *See* 28 C.F.R. § 542.18.

The magistrate judge consulted matters outside the pleadings to make this determination, converting this portion of the defendants' motion to a motion for summary judgment.   *See Wysocki v. Int'l Business Machine Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010).

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted.  Under the rule, the Court must assess whether the plaintiff has "state[d] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This standard requires the Court to accept the plaintiff's allegations as true and determine whether the plaintiff has pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Summary judgment is appropriate when the record reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  One the defendant files a properly supported motion for summary judgment, either by negating an essential element of the plaintiff's claim or by establishing an affirmative defense, the plaintiff "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250.  The ultimate question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

Finally, while this Court reviews *de novo* those portions of a Report and Recommendation to which a party objects, *see* 28 U.S.C. § 636(b)(1), it is not required to review a magistrate judge's factual or legal conclusions under a *de novo* or any other standard when neither party objects to those findings.  *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985).  The parties waive any right to review when they do not object to the magistrate judge's findings.

- 3 -

*See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  Although no objections have been filed, the Court has reviewed the R&R in detail and adopts it in full.

## III.

In *Bivens v. Six Unknown Federal Narcotics Agents*, the Supreme Court held that when a federal agent acting under color of his authority violates the Constitution, the victim may recover damages against the agent.  403 U.S. 388 (1971).  The Court determined that sometimes individual-rights violations can only be redressed by damages, and the Court has the power to create such causes of action unless Congress provides otherwise.  *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020).  However, the Supreme Court has only recognized implied causes action by individuals who sued federal officers for violations of their constitutional rights on three occasions.  *Bivens*, 403 U.S. 388 (1971); *Davis v. Passman*, 442 U.S. 228 (1979); and *Carlson v. Green*, 446 U.S. 14 (1980).  It has repeatedly indicated that Congress ordinarily will decide whether a cause of action exists for constitutional violations—not the courts.  *Callahan*, 965 F.3d at 523 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)).

But rather than dispense with *Bivens* altogether, the Court has emphasized that recognizing a cause of action under *Bivens* is "a disfavored judicial activity."  *Ziglar*, 137 S. Ct. at 1857.  The Court asks two questions when considering a proposed *Bivens* claim.  First, does the case present a new *Bivens* context?  In other words, is it meaningfully different from the three cases in which the Court has implied a damages action.  *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022).  Second, if the claim does arise in a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the judiciary is at least arguably less

equipped that Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 137 S. Ct. at 1858).

Here, the magistrate judge correctly concluded that, if allowed to proceed, Anderson's claims would present a new *Bivens* context. *See Bivens*, 403 U.S. 388 (involving Fourth Amendment claim based on unconstitutional search and seizure); *Davis*, 442 U.S. 228 (involving the plaintiff's gender-based employment termination claim under the Due Process Clause of the Fifth Amendment); *Carlson*, 446 U.S. 14 (involving the plaintiff's Eighth Amendment claim based on allegation of defendants' failure to render proper medical attention). Although *Carlson* also involved an Eighth Amendment claim, a claim for excessive force such as Anderson's differs markedly from an alleged failure to provide proper medical attention. *See Baldwin v. Hutson*, 2022 WL 4715551, at *2 (E.D. Ky. Sept. 30, 2022) (collecting cases). And even a modest variation can constitute a meaningful difference that would constitute an extension of *Bivens*. *Id.* (citing *Ziglar*, 137 S. Ct. at 1859).

The magistrate judge proceeded to consider whether there were "special factors counseling hesitation in the absence of affirmative action by Congress." [Record No. 192, p. 7 (citing *Ziglar*, 137 S. Ct. at 1860).] Specifically, he noted that legislative action after *Carlson* indicated that Congress did not intend to include a damages remedy in such situations. The Prison Litigation Reform Act of 1995 ("PLRA") made sweeping changes to the way prisoner abuse claims must be brought in court. *Id.*; 42 U.S.C. § 1997e, *et seq.* While Congress specifically considered prisoner abuse and how to remedy such wrongs, it did not provide a standalone damages remedy against federal officials. This alone suggests that Congress did not wish to extend *Carlson*'s reach. *Id.* (citing *Ziglar* 137 S. Ct. at 1865).

- 5 -

Next, the magistrate judge noted that the BOP's Administrative Remedy Program (ARP) provides an available mechanism to challenge alleged misconduct by prison staff.  *See* 28 C.F.R. § 542.10 (2002) (explaining that the ARP provides a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement).  Even if the ARP does not provide the complete relief a plaintiff seeks, its existence indicates that other branches of the government are better positioned to create relief in this area.  In addition to the ARP, the Federal Tort Claims Act provides another alternative structure which may provide relief to those aggrieved by federal actors.  *See* 28 U.S.C. § 2670, *et seq.*

Finally, the magistrate judge correctly observed that separation-of-powers principles weigh against recognizing a new cause of action for prison-based claims.  "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government."  *McKune v. Lile*, 536 U.S. 24, 37 (2002).  *See also Hower v. Damron*, 2022 WL 16578864, at *4 (6th Cir. Aug. 31, 2022) (*citing Turner v. Safley,* 482 U.S. 78, 85 (1987)).

Anderson has filed a host of motions which will be denied as moot in light of his inability to prevail on his underlying Eighth Amendment claim.  First, Anderson filed a motion seeking a determination regarding the adequacy of the defendants' response to a discovery request.  [Record No. 150]  He also has filed a motion seeking an extension of time to respond to the defendants' motion to dismiss or summary judgment.  [Record No. 180]  This motion is based on Anderson's inability to access discovery material, which he contends is necessary to respond to the defendants' motion.  However, resolution of the defendants' motion is based on purely legal issues and reference to discovery materials is not needed for a response.

Further, the defendants' motion had already been pending for three months by the time Anderson filed this motion.

Anderson's motions for free copies of court documents and for the appointment of counsel also will be denied, as moot. The law is clear that recognizing a new *Bivens* claim is not appropriate under these circumstances. The appointment of counsel would be neither necessary nor helpful.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.     The Magistrate Judge's Report and Recommendation [Record No. 192] is **ADOPTED IN FULL** and **INCOPORATED** here by reference.

2.     The defendants' motion for summary judgment [Record No. 158] is **GRANTED**.

3.     The plaintiff's motion to determine the sufficiency of answer [Record No. 150] is **DENIED** as moot.

4.     The plaintiff's motion for an extension of time [Record No. 180] is **DENIED** as moot.

5.     The plaintiff's motions for waiver of fees [Record Nos. 188, 189] are **DENIED** as moot.

6.     The plaintiff's motion for appointment of counsel [Record No. 190] is **DENIED** as moot.

7.     This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: February 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky